# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| LADAWN HARRIS, | : | CIVIL NO. 1:CV-12-2103 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| MONICA RECTENWALD, | : | |
| Respondent | : | |

## MEMORANDUM

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Ladawn Harris ("Harris"), an inmate currently incarcerated at the Federal Correctional Institution at Allenwood (FCI-Allenwood), Pennsylvania.[1] Harris is challenging the Federal Bureau of Prisons' ("BOP") calculation of his federal sentence. Specifically, he claims that the BOP failed to give him credit toward his federal sentence for the period of time from October 29, 2009 through August 12, 2010, when he was in New York state custody. (Doc. No. 1, Pet. at 3-5.) Service of the petition was directed, and a response thereto was filed on November 14, 2012. (Doc. No. 6.) A traverse was submitted by Harris on November 28, 2012. (Doc. No. 7.) The petition is now ripe for disposition and, for the reasons that follow, will be denied.

## I.    Background

Harris was arrested by local authorities in Albany, New York on April 29, 2009, for various drug charges. (Doc. No. 6, Ex. A, Roush Decl. ¶ 5.) He was released from custody on May 5, 2009. (Id.) On June 15, 2009, Harris was returned to New York state custody on a parole violation. (Id. ¶ 6.) New York revoked Harris' parole on October 6, 2009. (Id.; Ex. A,

---

[1] On November 13, 2012, Harris filed a document that will be construed as a supplement to his habeas corpus petition. (Doc. No. 5.)

Att. 3 at 1, New York Department of Corrections Inmate Information.) Harris remained in the custody of New York state authorities from June 15, 2009. (Id.)

While in the custody of New York state authorities, Harris was borrowed by the United States Marshals Service ("USMS") on December 16, 2009, pursuant to a writ of habeas corpus ad prosequendum to appear in the United States District Court for the Northern District of New York. (Id. ¶ 7; Ex. A, Att. 2, USMS Individual Custody and Detention Report). On August 12, 2010, while in USMS custody pursuant to the federal writ, Harris' New York parole violation term expired. (Doc. No, 6, Ex. A, Roush Decl. ¶ 8; Att. 3 at 1, New York Department of Corrections Inmate Information.)

Harris was sentenced in the United States District Court for the Northern District of New York on September 12, 2011, in case No. 09-CR-00578-008. He received a 54-month term of imprisonment for RICO conspiracy and a forfeiture allegation in violation of 18 U.S.C. §§ 1962 and 1963. (Id. ¶ 9; Att. 4 at 1-2, Judgment.) The judgment specifically stated that the 54-month term "includes a custody credit adjustment of 56 months for time spent in New York State custody for three prior convictions that serve as relevant conduct to the instant offense, pursuant to the provisions of U.S.S.G. §§ 5G1.3 and 5K2.23." (Doc. No. 6, Ex. A, Att. 4 at 2, Judgment).

Harris' 54-month federal sentence has been computed as commencing on September 12, 2011, the date it was imposed. (Doc. No. 6, Ex. A ¶ 10.) He was awarded prior custody credit for the period from April 29, 2009 through May 5, 2009, which was the time he spent in local custody on various drug charges. Harris was also awarded prior custody credit for the time period from August 13, 2010 (the day after the state parole violation term expired) through September 11, 2011 (the day before imposition and commencement of the 54-month federal

2

term). (Id.) The total prior custody credit award of 402 days results in a projected release date for Harris of July 7, 2014, via good conduct time release. (Id.) Harris files the instant petition wherein he argues that he should have been given full credit toward his federal sentence for all of the time spent in pre-trial New York state custody. He specifically seeks credit for the time period from October 29, 2009 through August 12, 2010.

**II.     Discussion**

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, see Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Thus, Harris has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP and has done so in the proper district, where he is imprisoned. Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329, 331-32 (1992), and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96. Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled. Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

**A.     Commencement of Sentence**

A federal sentence commences "on the date the defendant is received in custody awaiting

transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In determining the commencement of a sentence, it is therefore clear that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody. . . ." 18 U.S.C. § 3585(a). "As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed. See United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998)." Taylor v. Holt, 309 F. App'x 591, 592-93 (3d Cir. 2009). In the instant case, Harris' federal sentence commenced on September 12, 2011, the date it was imposed. (Doc No. 6, Ex. A at ¶¶ 9-10.)

In determining the commencement date of a federal sentence under 18 U.S.C. § 3585(a), the Court must first address whether the defendant was in primary federal or primary non-federal custody at the time the federal sentence was imposed. If he was in primary federal custody, the federal sentence will commence upon imposition. See 18 U.S.C. § 3585(a). However, if the defendant was in primary non-federal custody at the time the federal sentence was imposed, the BOP must determine whether the federal sentencing court expressly indicated its intent as to whether the federal sentence should run concurrently to or consecutively with the non-federal sentence. See 18 U.S.C. § 3584(a). Pursuant to 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. Clearly, the federal sentence in this case was to run consecutive to the previously imposed state sentence.

A federal sentence does not begin to run when a federal defendant is produced from state custody pursuant to a federal writ of habeas corpus ad prosequendum because the state authorities retain primary custody over the prisoner. Chambers, 920 F. Supp. at 622. The

4

prisoner is not considered to be "in custody" when he appears in federal court pursuant to a writ ad prosequendum. Rather, he is merely "on loan" to federal authorities. See Thomas v. Whaled, 962 F.2d 358, 361 n.3 (4th Cir. 1992)). As such, any time that Harris spent in the custody of the United States Marshals Service pursuant to the writ of habeas corpus ad prosequendum cannot be credited toward his federal sentence. The jurisdiction which first arrested the Harris has primary jurisdiction over him "until that jurisdiction relinquishes its jurisdiction by, for example, bail release, dismissal of the state charges, parole release, or expiration of the state sentence. See Chambers, 920 F. Supp. at 622. Harris remained in the primary custody of New York authorities each time he was produced in federal court pursuant to a writ.

    **B.**     **Sentence credit**

The second inquiry to be made in computing Harris' federal sentence is to determine the amount of credit, if any, for time spent in custody prior to the commencement of the federal sentence. With respect to the issue of prior custody credit, it is the BOP and not the sentencing court which determines if jail credits should be granted towards a federal sentence. United States v. Wilson, 503 U.S. 329, 333-35 (1992). A federal defendant is entitled under certain circumstances to "jail time credit" as governed by 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b)(emphasis added). "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337. When calculating credit for time accrued in custody "[t]he BOP may not give credit for time spent in state custody prior to sentencing in a federal case because 18 U.S.C. § 3585(b) prohibits this double credit." Taylor, 309 F. App'x at 593 (citing Wilson, 503 U.S. at 337). See also Chambers, 920 F. Supp. at 622. Section 3585(b) authorizes credit for time served only if the time has not already been credited towards another sentence.

While the sentencing court has authority under U.S.S.G. § 5G1.3(c) to "adjust" a sentence, this authority is distinct from the BOP's authority under 18 U.S.C. § 3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same. See Ruggiano v. Reish, 307 F.3d 121, 131-33 (3d Cir. 2002). The adjustment that the sentencing court exclusively can award under § 5G1.3(c) is a sentence reduction designed to account for time spent in custody on a prior conviction as opposed to the credit the BOP exclusively awards under § 3585(b) that accounts for time served in detention prior to the date the federal sentence commences. See id.

In the instant case, Harris' 54 month federal sentence was computed as commencing on September 12, 2011, the date the sentence was imposed. (Doc. No. 6, Ex. A ¶ 10.) He was released from his New York parole violation term on August 12, 2010. (Id. ¶ 8.) Accordingly, he was awarded prior custody credit toward his 54 month federal term for the period of time from August 13, 2010 through September 11, 2011. (Id. ¶ 10.) This period was for time Harris spent in pretrial custody on the federal offense which was not credited to another sentence. Id. The period of time Harris now seeks credit for - from October 29, 2009 through August 12, 2010

6

- was credited to his state parole violation term and, as such, cannot be credited to his federal sentence. (Id.)  Further, this same period of time was part of the adjustment ordered by the federal sentencing court on September 12, 2011. (Id. ¶ 9; Att. 4.)

For these reasons, the BOP has correctly calculated Harris' federal sentence.  The instant petition for writ of habeas corpus will be denied.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| LADAWN HARRIS, | : | CIVIL NO. 1:CV-12-2103 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| MONICA RECKTENWALD, | : | |
| Respondent | : | |

# O R D E R

**AND NOW,** this 15th day of December January, 2013, upon consideration of the petition for writ of habeas corpus (Doc. No. 1), and for the reasons stated in the foregoing Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **denied**.

2. The Clerk of Court is directed to close this case.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania